Slip Op. 16 - 26

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES, | : |
| Plaintiff, | : |
| v. | : Before: R. Kenton Musgrave, Senior Judge |
|  | : Court No. 12-00104 |
| JUAN CARLOS CHAVEZ, and | : |
| CHAVEZ IMPORT & EXPORT, INC., | : |
| Defendants. | : |

**JUDGMENT**

The plaintiff, United States, having commenced this case pursuant to 19 U.S.C. §1592 and 28 U.S.C. §1582 on April 12, 2012 via summonses and a complaint seeking to recover, after collecting on bond(s), unpaid duties totaling US$40,288.82, against the defendant Juan Carlos Chavez in the remaining amount of US$8,773.77 and against the defendant Chavez Import & Export, Inc. ("CIE") in the remaining amount of US$31,515.05, and assess penalties against the defendant Juan Carlos Chavez in the amount of US$25,441.72 (allegedly twice the amount of duties of which the United States was deprived), and against the defendant CIE in the amount of of US$105,916.50 (allegedly the domestic value of the merchandise that was the subject of the false statements), for a total of US$131,358.22 against the defendants, allegedly resulting from misclassifications in violation of 19 U.S.C. §1592 of seven entries, to wit, APJ-00053366, AWB-00056832, AWB-00056840, AWB-00066146, AWB-00067110, AWB-00068118, and AWB-00068753, declaring "Soft Dairy Express" under the Harmonized Tariff Schedule of the United States

Court No. 12-00104                                                                                                    Page 2

("HTSUS") in either HTSUS 0405.20.4000 (dairy spreads: butter substitutes, whether in liquid or solid state, other than those containing over 45 percent by weight of butterfat) and/or "White Cheese" classifiable under HTSUS 0406.90.9900 (cheeses and curds that do not contain cow's milk), and also incorrectly claiming duty-free treatment under the Caribbean Basin Economic Recovery Act; the plaintiff alleging that the correct classifications of those entries are under HTSUS 1901.90.4300 (certain dairy products containing over 10 percent by weight of milk solids) or HTSUS 0406.90.9700 (cheeses and curds that do contain cow's milk), neither of which classifications qualify for duty-free treatment under the Caribbean Basin Economic Recovery Act; and also alleging that some of the entries contained false valuations allowing them to be processed through informal entry without surety bonds; and also alleging that (amended) pre-penalty notices and demands for duties and penalty notices were issued to the defendants; and also alleging that on April 14, 2010 the defendants executed waivers for a period of two years concerning any statutes of limitation defenses with respect to the entries for which the defendants were an importer of record; and also alleging that U.S. Customs and Border Protection ("Customs") did not receive any written notice from the defendant corporation pursuant to Florida Statute 607.1406 informing of any claims that Customs might be entitled to assert against said corporation and that said corporation did not publish or file a notice of dissolution pursuant to Florida Statute 607.1407 in order to address claims that were unknown to it; and the defendant Juan Carlos Chavez having filed an answer to the complaint on April 22, 2014 denying the substance of the plaintiff's allegations as to misclassification; and court on April 22, 2015 having issued an order to show cause why the matter should not be dismissed for lack of prosecution; and the plaintiff having responded on April 30, 2015 via request to the Clerk

of the Court to enter default against the defendant CIE; and the Clerk of the Court having done so on May 5, 2015, ECF No. 23; and the plaintiff on May 4, 2015, having moved for summary judgment against the defendant Juan Carlos Chavez; and the court having granted three unopposed motions for extension of time to the defendant Juan Carlos Chavez to respond to the plaintiff's motion for summary judgment; and the defendant Juan Carlos Chavez having been provided with duplicate copies of the plaintiff's motion for summary judgment, ECF No. 38 (Sep. 29, 2015), and having been ordered on January 19, 2016 to show cause why judgment should not be entered in favor of the plaintiff; *see* ECF No. 42, and the court having received no response or even other contact from the defendant Juan Carlos Chavez as of this date; Now, therefore, it is hereby

ORDERED that the plaintiff's motion for summary judgment, ECF No. 22, be, and hereby is, granted, and it is further

ORDERED, ADJUDGED, AND DECREED that plaintiff recover from defendant Juan Carlos Chavez the amount of $8,773.77 in unpaid duties, plus pre-judgment interest on the amount of $8,773.77 calculated from June 14, 2010, plus post-judgment interest on the amount of $8,773.77, plus a civil penalty of $25,441.72, plus post-judgment interest on that amount, plus costs to the government, and it is further

ORDERED that the plaintiff provide a status report or motion on the remainder of this case by May 2, 2016.

      /s/ R. Kenton Musgrave
      R. Kenton Musgrave, Senior Judge

Dated: March 25, 2016
     New York, New York