Slip Op. 17 - 140

# UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————
                                   :
UNITED STATES,                     :
                                   :
                   Plaintiff,      :
                                   :
         v.                        :      Before: R. Kenton Musgrave,  Senior Judge
                                   :      Court No. 12-00104
JUAN CARLOS CHAVEZ, and            :
CHAVEZ IMPORT & EXPORT, INC.,      :
                                   :
                   Defendants.     :
———————————————————:

## OPINION

[Motion for default judgment on customs penalty action granted.]

Dated: October 10, 2017

*Albert S. Iarossi*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, for the defendant.  On the brief were *Chad E. Readler*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director.  Of Counsel was *Adam M. Cornette*, Office of the Chief Counsel, U.S. Customs and Border Protection.

Musgrave, Senior Judge:  As previously alluded, *see* 40 CIT ___, Slip Op. 16-26 (Mar. 25, 2016), ECF No. 43, the plaintiff commenced this case against defendants Juan Carlos Chavez ("Chavez") and Chavez Import & Export, Inc. ("CIE") pursuant to 19 U.S.C. §1592 and 28 U.S.C. §1582 seeking collection of unpaid duties totaling US$40,288.82, plus penalties totaling US$131,358.22, plus interest and costs, for certain misrepresentations on entry documents, as further described below.  Slip Op. 16-26 granted summary judgment in favor of the plaintiff for the portion

of such items claimed against Chavez,[1] and the plaintiff now moves for entry of default judgment against CIE.

## I. *Background*

To date, the corporate defendant CIE has remained unrepresented by counsel, has not answered the complaint, and has had default entered against it.  ECF No. 23 (May 5, 2015).  *See* USCIT Rule 55(a) ("[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as prescribed by these rules . . . the clerk shall enter the party's default").  The papers on the current motion for judgment state that CIE was a Florida corporation prior to being administratively dissolved by the Florida Secretary of State on September 26, 2008, for failing to file an annual report. *See* April 12, 2012 Complaint (Compl.) at ¶ 5; ECF No. 4. CIE had two shareholders, directors, and officers from the time of its incorporation until the time of its dissolution: Augusto E. Chavez (President) and co-defendant Juan Carlos Chavez (Vice President and Secretary).  Compl. ¶ 7.

The plaintiff further avers: that from June 24, 2005 to October 2, 2006, CIE, as importer of record, caused to be entered or introduced ten entries of "Soft Dairy Express" and "White Cheese" by means of entry documents filed with U.S. Customs and Border Protection (CBP); that

---

[1]  By way of further brief background thereon, Chavez's answer to the complaint, ECF No. 18 (Apr. 22, 2014), denied the substance of the plaintiff's averments.  About a year later, the plaintiff moved, *inter alia*, for summary judgment against Chavez, ECF No. 22 (May 4, 2015), and Chavez, through counsel, was then granted three unopposed motions for extension of time to respond to the motion for summary judgment, after which certain circumstances compelled counsel to move to withdraw.  *See* ECF No. 33 (Sep. 1, 2015).  Chavez was then provided with duplicate copies of the plaintiff's motion for summary judgment, ECF No. 38 (Sep. 29, 2015), and ordered on January 19, 2016 to show cause why judgment should not be entered in favor of the plaintiff, ECF No. 42 (Jan. 19, 2016).  No response or other contact from Chavez having been received within the time proscribed, summary judgment entered in favor of the plaintiff.  Slip Op. 16-26, ECF No. 43.

the entry numbers for these shipments were APJ-00061195, AWB-00044747, AWB-00046304, AWB-00060297, AWB-00060305, AWB-00068779, AWB-00069173, AWB-00069934, AWB-00070965, and AWB-00073258; that on the entry forms for their respective entries CIE falsely classified the "Soft Dairy Express" under HTSUS 0405.20.4000, which applies to dairy spreads: butter substitutes, whether in liquid or solid state, other than those containing over 45 percent by weight of butterfat; that on the entry forms for their respective entries, CIE falsely classified the "White Cheese" under HTSUS 0406.90.9900, which applies to cheeses and curds that do not contain cow's milk; that for some entries, in addition, the incorrect HTSUS classifications were preceded by the letter "E", which provides for duty-free treatment under the Caribbean Basin Economic Recovery Act (CBERA) (Pub. L. 98-67); that the "Soft Dairy Express" should have been classified under HTSUS 1901.90.4300, which applies to certain dairy products containing over 10 percent by weight of milk solids; that the "White Cheese" should have been classified under HTSUS 0406.90.9700, which applies to cheeses and curds that do contain cow's milk; that had the "Soft Dairy Express" and "White Cheese" been properly classified under HTSUS 1901.90.4300 and HTSUS 0406.90.9700, they would have been subject to additional duties under HTSUS subheadings 9904.04 and 9904.06; that neither of the correct classifications qualified for duty-free treatment under the CBERA; that the invoices and entry documents for the entries at issue did not provide meaningful descriptions of the products sufficient to correctly classify the merchandise; that, rather, it was only through laboratory analyses conducted by CBP that the correct HTSUS classifications could be determined; that some of the entries at issue also contained false valuations, allowing them to be processed through informal entries without surety bonds; that the loss of revenue from

misclassifying CIE's entries was $53,263.54; that because three entries were liquidated with rate advances totaling $8,403.57, and because four entries were covered by bonds for which the insurer paid $13,344.92, the duties still owed are $31,505.15; that the domestic value of the merchandise that was the subject of the false statements, acts and/or omissions by CIE was $105,916.50; that the false statements, acts, and/or omissions described above were material because they influenced CBP's collection of duties; that until CBP discovered the false statements, defendants were depriving the United States of duties lawfully owed;  that CIE failed to ensure that the HTSUS classifications were complete and accurate; that in March 2010, the United States issued an amended pre-penalty notice and demand for duties and an amended penalty notice to CIE regarding the entries for which CIE was the importer of record; that Mr. Juan Carlos Chavez, CIE's Vice President and Secretary (and co-defendant in this case) received these notices on behalf of CIE at his then-current address in North Brunswick, New Jersey; that on April 14, 2010, a waiver of the statute of limitations was executed with respect to the entries for which CIE was the importer of record, which waiver indicated that Mr. Chavez, acting in his "individual and personal capacity, and also on behalf of Chavez Import & Export, Inc.", would "not assert any statutes of limitations defense in any action brought by the United States Government" for two years beginning from the date of execution; that Mr. Chavez and a CBP official signed the waiver; that CBP did not receive any written notice from CIE, pursuant to Fla. Stat. §607.1406, informing CBP of any claims that CBP might be entitled to assert against CIE; that CIE also did not publish or file a notice of dissolution, pursuant to Fla. Stat. §607.1407, in order to address claims that were known to it; and that, accordingly, there is no time

limit or statute of limitations under Florida law that would prevent this proceeding against CIE. *See generally* Complaint, ECF No. 4 (Apr. 12, 2012).

## II. *Discussion*

Jurisdiction here over this penalty action is conferred by 28 U.S.C. §1582(1). The court's Rules provide that after entry of default, if "the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the court -- on the plaintiff's request with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." USCIT R. 55(b). However, because "a party in default does not admit mere conclusions of law", the question "to consider [is] whether the unchallenged facts constitute a legitimate cause of action". 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* §2688, at 63 (3d ed. 1998). Towards that end, all "well-pled" facts in the complaint are taken as true, *e.g.*, *United States v. Callanish Ltd.*, 34 CIT 1423, 1426 (2010), but consideration of matters outside the complaint are permissible whenever needed to "determine the amount of damages or other relief . . . establish the truth of an allegation by evidence; or . . . investigate any other matter." USCIT R. 55(b).[2]

Pursuant to 19 U.S.C. §1592, it is unlawful for any person to introduce merchandise into the United States by means of a material false statement or document, or a material omission evidencing fraud, gross negligence, or negligence. 19 U.S.C. §1592(a)(1); *United States v. Jac Natori Co., Ltd.*, 108 F.3d 295, 298 (Fed. Cir. 1997). A statement or document is "material" if it has

---

[2] "While the rule 'permits the [trial] court to conduct a hearing to determine damages, such a hearing is not mandatory.'" *United States v. Freight Forwarder International, Inc.*, 39 CIT __, ___, 44 F. Supp. 3d 1359, 1362 (2015), quoting (and bracketing) *Cement & Concrete Workers District Council Welfare Fund v. Metro Foundation Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

"the tendency to influence Customs' decision in assessing duties." *United States v. Thorson Chemical Corp.*, 16 CIT 441, 448, 795 F. Supp. 1190, 1196 (1992); *see also* 19 C.F.R. Pt. 171, App. B(B) ("[a] document, statement, act, or omission is material if it has the natural tendency to influence . . . a Customs action regarding the classification, appraisement, or admissibility of merchandise[,] . . . determination of an importer's liability for duty[,] . . . [or] determination as to the source, origin, or quality of merchandise").

The plaintiff averments, unchallenged, constitute a legitimate cause of action. The level of culpability asserted in this case is negligence. *See* 19 U.S.C. §1592(c) (establishing penalties at different culpability levels).  To prove negligence, the government need only establish the false and material act or omission constituting the violation, and the burden then shifts to the alleged violator to prove that the act or omission did not occur as a result of negligence. 19 U.S.C. §1592(e)(4).  The plaintiff's complaint satisfies its burden by averring that CIE's classifications of the ten entries were false in light of the laboratory analyses conducted by CBP.  *See* Compl. ¶18. The complaint further alleges that the fat content of the "Soft Dairy Express" as determined by CBP rendered it inapplicable for the classification chosen by CIE (*id*. ¶¶ 11, 14), and that the "White Cheese" was actually made from cow's milk, as determined and further alleged by CBP, and was falsely classified by CIE under a tariff provision for cheese not made from cow's milk (*see id*. ¶¶ 12, 15).  In addition, for some of the entries, the incorrect classifications were preceded by the prefix "E" to enable them to receive duty-free treatment under the CBERA, and had the correct classifications been used there would have been no entitlement to this duty-free treatment.  *Id*. ¶¶ 13, 17.

Although the United States need not be deprived of a portion of a lawful duty in order for a false statement to be considered "material," *see* 19 U.S.C. §1592(a), a false statement that results in such deprivation, which is allegedly the case at bar, is, *a fortiori*, "material."  *See, e.g.*, *United States v. Inn Foods, Inc.*, 560 F.3d 1338, 1344 (Fed. Cir. 2009); *United States v. Country Flavor Corp.*, 36 CIT ___, ___, 825 F. Supp. 2d 1296, 1302 (2012). *Cf. United States v. Active Frontier International, Inc.*, 36 CIT ___, ___, 867 F. Supp. 2d 1312, 1316-17 (2012) (discussing non-binding definition of "material" in 19 C.F.R. Part 171, App. B(B)).

Once the government shows materiality and falsity, the burden shifts to CIE to prove that the acts or omissions did not occur as a result of negligence.  *See* 19 U.S.C. §1592(e)(4); *United States v. Matthews*, 31 CIT 2075, 2081, 533 F. Supp. 2d 1307, 1312 (2007). The plaintiff contends that in order to do so, CIE must show that the statements did not result from the "failure to exercise reasonable care and competence . . . to ensure that statements made and information provided . . . are complete and accurate" and to prove it exercised reasonable care, CIE must show that it took "measures that will lead to and assure the preparation of accurate documentation" Pl's Mot. at 7, referencing 19 C.F.R. Pt. 171, App. B(C)(1)&(D)(6).

CIE has not appeared in this case or responded to the government's complaint to challenge such recitation.  There is, therefore, no claim before the court that CIE exercised "reasonable care and competence" to ensure the accuracy of the classifications for the entries at issue in this case.  CIE has offered neither evidence of reasonable care nor other standard of negligence.  Nor, the plaintiff asserts, does the government have any reason to believe that CIE would be able to meet its burden to demonstrate that it took steps to ensure the accuracy of the classifications.

And despite CIE's dissolution, claims against CIE are permitted under Florida law. *See* Fla. Stat. §607.1405(2)(e).  Because the allegations that CIE violated 19 U.S.C. §1592(a) with respect to the entries at issue in this case have not been challenged, the court must conclude CIE liable to the United States for the actual loss of duties on those entries.  *See* 19 U.S.C. §1592(d) ("if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a) of this section, the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed").

The plaintiff avers the actual loss of revenue from CIE's shipments as $31,505.15. Compl. ¶ 31; Pino Decl. ¶ 3.  In addition to the lost revenue, the plaintiff moves that CIE be adjudicated liable for a civil penalty based on negligence in the amount of $105,916.50, which is alleged to be the domestic value of the merchandise that was the subject of the false statements, acts, and/or omissions by CIE.[3]  The plaintiff also claims entitlement from CIE for pre-judgment interest[4]

---

[3]  The plaintiff explains that the penalty for negligence that affects the assessment of duties is "the lesser of -- (i) the domestic value of the merchandise, or (ii) two times the lawful duties, taxes, and fees of which the United States is or may be deprived." 19 U.S.C. §1592(c)(3)(A).  In this case, two times the original loss of revenue equaled $106,527.08, and that amount was higher than the domestic value of the merchandise, which was calculated to be $105,916.50.  Pl's Mem. at 8, referencing Compl. ¶¶ 31, 38; Pino Decl. ¶ 4.

[4]  Pre-judgment interest provides a mechanism to fairly compensate a party for its inability to use monies owed. *West Virginia v. United States*, 479 U.S. 305, 310-11 & n.2 (1987); *United States v. Ford Motor Co.*, 31 CIT 1178, 1181 (2007) ("the long-established rule in the [f]ederal [c]ourts permits the United States to recover interest on money due to the government even in the absence of any statutory authorization for an award of pre-judgment interest"); *United States v. Millennium Lumber Distribution Co.*, 37 CIT __, ___, 887 F. Supp. 2d 1369, 1384 (2013) ("equity compels an award of prejudgment interest," otherwise "the [g]overnment here will not be made whole"). The rationale for awarding prejudgment interest is that "[i]t would be inequitable and unfair for the government to make an interest-free loan of this sum from the date of final demand to the date of judgment." *United States v. Imperial Food Imports*, 834 F.2d 1013, 1016 (Fed. Cir. 1987).

on the amount of unpaid duties, post-judgment interest on both the amount of unpaid duties and the

civil penalty, and costs.

There does not appear any reason on this record to disallow all or some of such items.

Pre-judgment interest accrues during any delay in payment after a demand for payment has been

made giving proper notification of liability.  *See United States v. Reul*, 959 F.2d 1572, 1577 (Fed.

Cir. 1992); *Insurance Company of North America v. United States*, 951 F.2d 1244, 1246 (Fed. Cir.

1991).   In this case, the court concurs that the appropriate date for the commencement of

pre-judgment interest is March 23, 2010, the date of the Amended CBP Form 5955A, Notice of

Penalty, allegedly transmitted to CIE, and attached to the plaintiff's memorandum as Exhibit B.  *See*

*United States v. Monza Automobili*, 12 CIT 239, 240, 683 F. Supp. 818, 820 (1988).  Further, the

plaintiff appropriately demarcates that the government is not here seeking pre-judgment interest on

the penalty amount but seeks pre-judgment interest on unpaid duties only.  *See United States v.*

*National Semiconductor Corporation*, 547 F.3d 1364, 1369-70 (Fed. Cir. 2008).

The plaintiff also seeks mandatory post-judgment interest pursuant to 28 U.S.C.

§1961.  That provision generally applies to district court judgments, and this Article III court has

employed it as a basis for awarding post-judgment interest. *See United States v. Golden Gate*

*Petroleum Co.*, 30 CIT 174, 183 n.9 (2006).   And unlike pre-judgment interest, post-judgment

interest on the total amount for which CIE is liable, including the civil penalty, is lawful. *See*, *e.g.*,

*Freight Forwarder International*, *supra*, 39 CIT at ___, 44 F. Supp. 3d at 1365-66.

Finally, the plaintiff seeks reimbursement of its costs pursuant to USCIT R. 54(d)(1),

which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs

-- other than attorney's fees -- should be allowed to the prevailing party."  That rule parallels Federal

Rule of Civil Procedure 54(d), which creates a presumption that the prevailing party is entitled to

costs.  *See Neal & Co. v. United States*, 121 F.3d 683, 686 (Fed. Cir. 1997) ("[c]ourts following

[Federal Rule of Civil Procedure] 54(d)(1) have acknowledged in its language a presumption in favor

of costs to the prevailing party").

### III.  *Conclusion*

In accordance with the foregoing, the papers before the court persuade that default

judgment in favor of the plaintiff against Chavez Import & Export, Inc. for the unpaid duties,

penalty, interest, and cost items discussed above is appropriate.  A separate order to that effect will

be entered on the docket.


                                        /s/  R. Kenton Musgrave
                                        R.  Kenton Musgrave, Senior Judge

Dated: October 10,  2017
        New York, New York